IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD KRAMER and LESLIE KRAMER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 11-CV-158-GKF-FHM ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) ) ) |

**OPINION AND ORDER**

Before the court is the Motion in Limine [Dkt. #38] filed by plaintiffs Richard Kramer and Leslie Kramer. Plaintiffs seek to preclude introduction by defendant United States of America of any evidence pertaining to plaintiff Richard Kramer's "lost chance of survival" as a result of alleged negligence of his primary care physician.

In this lawsuit, plaintiffs contend the Muskogee Veteran Affairs Hospital and Clinic negligently failed to timely diagnose Richard Kramer with prostate cancer, thereby costing him the chance for a cure of the cancer. The case is set for nonjury trial on September 17, 2012.

Plaintiffs, in their motion, assert the lost chance of survival doctrine is not applicable to this case, because—had the cancer been timely diagnosed—his chance of survival would have exceeded 50 percent and defendant should not be permitted to rely on it in an effort to reduce its potential damages exposure. Defendant argues the lost chance doctrine applies to *any* case (including this one) in which plaintiff's chance for recovery is reduced as a result of alleged negligence on the part of health providers.

The lost chance of survival doctrine was adopted by the Oklahoma Supreme Court in *McKellips v. Saint Francis Hospital,* 741 P.2d 467 (Okla. 1987). The court, in answering certified questions from the Tenth Circuit Court of Appeals, adopted the Restatement (Second) of Torts § 323 approach to the issue, stating:

> We think in those situations where a health care provider deprives a patient of a significant chance for recovery by negligently failing to provide medical treatment, the health care professional should not be given the benefit of the uncertainty created by their own negligent conduct. To hold otherwise would in effect allow care providers to evade liability for their negligent actions or inactions in situations in which patients would not necessary have survived or recovered, but still would have a significant chance of survival or recovery.
>
> Today's pronouncement adopts the loss of a chance doctrine in Oklahoma in a limited type of medical malpractice case where the duty breached was one imposed to prevent the type of harm which a patient ultimately sustains and because of the inherent nature of such a case a plaintiff is unable to produce evidence of causation sufficient to meet the traditional rule of causation. We note that our decision today does not change the traditional principles of causation in the ordinary negligence case and this new rule applies only to those limited situations as presented here.
>
> Furthermore, we emphasize the new standard of sufficiency of proof adopted by our pronouncement lowers a plaintiff's burden of production to enable him/her to more easily establish a jury questions on the issue of causation on a showing of substantial decrease in the chance of survival, rather than a judge directing a verdict or dismissing for failure to make a case for causation.

*Id.* at 474-75.

The Oklahoma Uniform Jury Instruction on lost chance of recovery states:

### Measure of Damages—Medical Malpractice—Loss of Chance

> A patient who faced a risk of death [or disability] at the time of treatment is entitled to recover damages for an increase in the risk of death [or disability] caused by the treatment [or failure to treat]. In order to recover damages for an increased risk of death [or disability], the patient must have had a significant chance of survival [or recovery] before the treatment [or failure to treat], even if the original chance of survival [or recovery] was less than 50 percent.

OUJI 4.11. The "Comments" section to the instruction cites *McKellips.* The Notes on Use section states, in pertinent part:

> This instruction should be used only if there is evidence that the plaintiff's original chance of survival or recovery was 50% or less…
>
> Where this Instruction is used, it should be accompanied by another Instruction on the total amount of damages that would ordinarily be allowed for the plaintiff's wrongful death or disability. … If the plaintiff is disabled, the accompanying Instruction should be based on Instruction No. 4.1 (personal injuries to adults)….

*Id.*

It appears clear, based on OUJI 4.11 and the Notes on Use, that the lost chance of recovery doctrine will be applicable *only* if plaintiff's chance of recovery was 50 percent or less at the time of the alleged negligence of defendant.  Thus, the court rejects defendant's argument that the doctrine will apply regardless of whether plaintiff's chance of survival exceeded 50 percent at the time defendant's alleged negligent conduct occurred.[1]

Plaintiff argues it is uncontroverted his chance of recovery at the time of defendant's negligent conduct was greater than 50 percent.  However, neither party has addressed whether plaintiff had a better than 50 percent chance of avoiding the disabilities he has suffered, including incontinence and impotence, if the prostate cancer had been properly diagnosed at an earlier date.  Thus, the court will need to hear evidence before it can properly determine whether the loss of chance doctrine will apply.

Plaintiff's Motion in Limine [Dkt. #38] is denied.

ENTERED this 24th day of July, 2012.

                                                 GREGORY K. FRIZZELL, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT

---

[1] Defendant cites *Bointy-Tsotigh v. United States,* 953 F.Supp. 358 (W.D. Okla. 1996) in support of its position.  In that case, the court, in discussing lost chance of survival, cited *Weiher v. Gupton,* 1995 WL 36425 (Okla. Jan. 31, 1995), and stated , "The Oklahoma Supreme Court [has] clarified that it does not matter whether the plaintiff had a better than even chance of recovery or a less than even chance of recovery."  953 F.Supp. at 360.  The Oklahoma Supreme Court's opinion in *Weiher v. Gupton,* however, was withdrawn September 10, 1996.  1995 WL 36425.  Therefore, the court does not find the opinion in *Bointy-Tsotigh* to be persuasive.